25-2357
*Santos v. Lidl*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2025

(Argued: April 20, 2026 Decided: October 13, 2026)

Docket No. 25-2357

SANDRA SANTOS, on behalf of herself, FLSA Collective Plaintiffs, and Class Members,

*Plaintiff-Appellant*,

–v.–

LIDL US, LLC, DBA LIDL,

*Defendant-Appellee*.

Before: SULLIVAN, ROBINSON, *Circuit Judges*, RAKOFF, *District Judge*.*

Plaintiff-Appellant Sandra Santos appeals from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*) dismissing her claims against Defendant-Appellee Lidl US, LLC ("Lidl") for

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Santos alleges that Lidl required her and similarly situated employees to report to work fifteen minutes *before* the listed start time of their store-opening shifts, and that opening managers regularly didn't arrive until the listed start time. Because employees couldn't clock in for work until they accessed the time clock machines located inside stores, on the days when managers were not there to let them in, the employees didn't get paid for time spent waiting for managers to grant them entry. As relevant here, Santos seeks compensation for that unpaid waiting time.

The district court dismissed Santos's time-shaving claims as barred by the Portal-to-Portal Act, 29 U.S.C. § 254, which generally shields employers from FLSA liability for time workers spend on activities "preliminary" or "postliminary" to the principal activities they are employed to perform. On appeal, Santos argues that the district court overlooked that waiting time can be compensable when an employer engages an employee to wait for work.

We agree. Waiting time is compensable under the FLSA when an employer requires an employee to report to the worksite at a certain time to be ready to work and, for reasons beyond the employee's control, there is no work to be done. 29 C.F.R. § 790.7(h).

We thus **VACATE** the dismissal of Santos's FLSA and NYLL time-shaving claims and **REMAND** to the district court for further proceedings consistent with this opinion. Judge Sullivan dissents in a separate opinion.

---

C.K. LEE, Lee Litigation Group, PLLC, New York, NY, *for Plaintiff-Appellant*.

JASON D. BURNS, Nicholas A. Corsano, Greenberg Traurig, LLP, New York, NY, *for Defendant-Appellee*.

---

ROBINSON, *Circuit Judge*:

This case requires us to consider whether the Portal-to-Portal Act bars an employee's claim for compensation under the Fair Labor Standards Act ("FLSA") for time spent waiting for work to begin when an employer requires the employee to report for work at a specific time but the employee is prevented from clocking in and beginning to work for reasons attributable to the employer.

Plaintiff-Appellant Sandra Santos appeals from a September 10, 2025, judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*) dismissing her claims against Defendant-Appellee Lidl US, LLC ("Lidl") for time-shaving violations under the FLSA and the New York Labor Law ("NYLL").

Santos alleges that Lidl required her and similarly situated employees to report to work fifteen minutes *before* the listed start time of their store-opening shifts in the morning, and that opening managers regularly didn't arrive until the listed start time. Because employees couldn't clock in for work until they accessed the time clock machines located inside stores, on the days when managers were not there to let them in, the employees didn't get paid for time spent waiting for managers to grant them entry. As relevant here, Santos seeks compensation for that unpaid waiting time, including, as appropriate, overtime wages.

The district court dismissed Santos's time-shaving claims as barred by the Portal-to-Portal Act, 29 U.S.C. § 254, which generally shields employers from FLSA liability for time workers spend on activities "preliminary" or "postliminary" to the principal activities they are employed to perform. On appeal, Santos argues that the district court overlooked that waiting time can be compensable when an employer engages an employee to wait for work.

We agree. Waiting time is compensable under the FLSA when an employer requires an employee to report to the worksite at a certain time to be ready to work and, for reasons beyond the employee's control, there is no work to be done. 29 C.F.R. § 790.7(h). The district court thus erred in concluding as a matter of law that Santos's waiting time was not compensable.

We thus **VACATE** the dismissal of Santos's FLSA and NYLL time-shaving claims and **REMAND** to the district court for further proceedings consistent with this opinion.

## BACKGROUND

As relevant here, Plaintiff-Appellant Sandra Santos alleges the following.[1] Santos worked as a store clerk and stocker at Lidl grocery stores from about July 2021 to November 2021. For the first six weeks, she received training at the Lidl store on Sunrise Highway in West Babylon, New York. Santos worked for the remaining three-and-a-half months of her tenure at Lidl's other West Babylon store on Montauk Highway. Throughout her employment with Lidl, Santos was scheduled to work a ten-hour opening shift from 5:00 a.m. to 3:00 p.m., four days a week, for a total of forty hours a week. Her hourly wage was $16.50.

Though Santos's listed shift began at 5:00 a.m., before Lidl's stores were open for business, Lidl required her to report to work fifteen minutes *before* that time. Similarly situated opening shift employees were likewise required to report to work fifteen minutes before the listed start time of their opening shifts. Crediting Santos's allegations, which we must, Santos did not have the option, as suggested by the dissent, of "arriving precisely at the beginning of her [listed] shift." Dissent at 3. When Santos and similarly situated employees arrived at

[1] Because the district court granted defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we draw our account of the facts from the complaint, treating all factual allegations in the complaint as true and drawing all inferences in Santos's favor. *Salazar v. National Basketball Association*, 118 F.4th 533, 544 (2d Cir. 2024).

work fifteen minutes before the listed start time of their opening shifts, as directed by Lidl, sometimes the stores were still locked. She and other employees thus had to wait for the opening managers to arrive, unlock the stores, and let them in. Opening managers regularly didn't arrive until 5:00 a.m. (or the listed start time of the opening shift for their stores) or later. Because Santos and other employees couldn't clock in for work until they accessed the time clock machines located inside stores, on the occasions when opening managers did not arrive fifteen minutes before the listed start time of the opening shift, Santos and other employees didn't get paid for time spent waiting for managers to grant them entry, even though they were required to show up for work fifteen minutes earlier than the listed start time of their shift.

Santos's opening managers were late to unlock stores about once per week, resulting in fifteen minutes of unpaid wages each week of her employment. For five of those weeks, the unpaid wages were payable as overtime.

Santos sued Lidl in the Eastern District of New York for unlawful "time-shaving" in violation of the FLSA and the NYLL. She seeks to bring her FLSA time-shaving claim as a collective action under 29 U.S.C. § 216(b) "on behalf of all current and former non-exempt employees . . . who [Lidl] scheduled to work opening shifts which began before their stores opened for business, employed by

[Lidl] on or after the date that is three (3) years before the filing of the [c]omplaint." App'x 6–7. And she brought her NYLL time-shaving claim as a putative class action claim. Santos sought, among other things, declaratory and injunctive relief and unpaid wages, including overtime as appropriate.

As relevant here, Lidl moved to dismiss the time-shaving claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that the fifteen-minute wait time was non-compensable under the Portal-to-Portal Act, which generally shields employers from FLSA claims regarding time spent on activities "preliminary" or "postliminary" to the principal activities a worker is employed to perform. 29 U.S.C. § 254(a)(2).

The district court agreed that the Portal-to-Portal Act barred Santos's FLSA claim. After concluding that the NYLL time-shaving claim was coextensive with the failed FLSA claim, the court dismissed the federal and state time-shaving claims with prejudice.[2]

[2] Having dismissed Santos's only federal claim, the district court declined to exercise supplemental jurisdiction over Santos's claim that Lidl failed to timely pay wages in violation of NYLL § 191. On appeal, Santos does not challenge the district court's dismissal of her NYLL § 191 claim. We accordingly do not address that ruling.

## DISCUSSION

On appeal, Santos principally argues that because she arrived at her workplace *at a time prescribed by Lidl* but was prevented from working because a manager wasn't there to let her into the store, Lidl had engaged her to wait such that her waiting time was compensable under FLSA regulations and Supreme Court caselaw, as well as under the NYLL.[3]

Lidl counters that Santos's waiting time was non-compensable because nothing prevented Santos from using that waiting time for her benefit—for example, to read the news or pay bills online—or from leaving the parking lot. Lidl argues in the alternative that the alleged brief and infrequent waiting periods were *de minimis* and thus non-compensable—an issue not addressed by the district court.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) without deference, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir.

---

[3] In their briefing, without citation or support, both parties treat the NYLL as coextensive with the FLSA with respect to the time-shaving claims. We accordingly assume without deciding that the NYLL and FLSA time-shaving claims rise and fall together.

2025).[4] Applying these standards, we consider in turn the Portal-to-Portal Act and applicable caselaw governing *de minimis* FLSA claims.

**I. Santos's alleged waiting time is compensable under the FLSA.**

Considering the Portal-to-Portal Act, Department of Labor regulations, and Supreme Court precedents, we conclude that the district court erred in dismissing Santos's FLSA time-shaving claim. Because waiting time is compensable if an employee is engaged to wait, and Santos alleges that Lidl required her to arrive at 4:45 a.m. to be ready to work whenever the opening manager arrived, Santos's alleged waiting time, if proven, was compensable.

*A. Under the Portal-to-Portal Act and related regulations, waiting time is compensable where an employee is "engaged to wait."*

The Fair Labor Standards Act, originally enacted in 1938, requires employers to pay a minimum wage and provide overtime compensation for work over forty hours a week. 29 U.S.C. § 201 *et seq.* The statute itself doesn't define "work" or "workweek." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005).

In the first decade after the FLSA's enactment, the Supreme Court defined those terms broadly. *Id.* First, the Court held that workers' travel time from mine portals to underground work areas was compensable because it was "controlled

[4] In quotations from caselaw, this opinion omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

or required by the employer and pursued necessarily and primarily for the [employer's] benefit." *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944). Next, the Court concluded that firefighters' on-call hours were compensable because an employer may hire workers "to do nothing but wait for something to happen." *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944). Finally, the Court held that time employees spent walking from a time clock near the factory's entrance to their workstations was part of the workweek, which the Court defined to "include[] all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690–91 (1946).

Congress responded by passing the Portal-to-Portal Act in 1947 to amend the FLSA. *IBP*, 546 U.S. at 26; *see* 29 U.S.C. § 251 *et seq*. As relevant here, that Act provides that employers are not liable under the FLSA for failure to pay minimum wage or overtime compensation for time spent performing the following activities:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or

> subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). The Act has no impact on computation of hours worked within the workday—after the first principal activity and before the last principal activity. *IBP*, 546 U.S. at 28 (citing 29 C.F.R. § 790.6(a)).

The Secretary of Labor promulgated regulations to implement the Portal-to-Portal Act. Particularly instructive here is 29 C.F.R. § 790.7, which explains the meaning of "preliminary" and "postliminary" activities. As defined in § 790.7(b), a "preliminary activity" is an activity an employee performs before beginning the "principal" activities the employee is engaged to perform; a "postliminary activity" is something an employee does after completing principal activities for the day. Section 790.7(g) explains that, under normal conditions, activities like "checking in and out and waiting in line to do so, changing clothes, washing up or showering, and waiting in line to receive pay checks" would be preliminary or postliminary. But the regulation acknowledges that it's impossible to create a "categorical list" of activities addressed by the statute because activities that may be preliminary or postliminary "under one set of circumstances" can "under other conditions be 'principal' activities." *Id.* at (b); *see also id.* at (h).

Notably, the regulation uses waiting time to illustrate that point:

> Waiting before the time established for the commencement of work would be regarded as a preliminary activity when the employee voluntarily arrives at his place of employment earlier than he is either required or expected to arrive. Where, however, an employee is *required by his employer to report at a particular hour* at his workbench or other place where he performs his principal activity, if the employee is there at that hour ready and willing to work but for some reason beyond his control there is no work for him to perform until some time has elapsed, waiting for work would be an integral part of the employee's principal activities. The difference in the two situations is that in the second *the employee was engaged to wait* while in the first the employee waited to be engaged.

*Id.* at (h) (emphases added).

A separate provision in another regulation that specifically addresses "waiting time" likewise explains that whether waiting time is compensable "depends upon particular circumstances," including agreements between the parties, their conduct, the nature of the work performed, and the work's relationship to the waiting time. 29 C.F.R. § 785.14. In other words, "[f]acts may show that the employee was engaged to wait" or that the employee "waited to be engaged." *Id.*

### B. *Supreme Court authority reinforces the conclusion that employees must be compensated when they are "engaged to wait."*

The United States Supreme Court addressed the distinction set forth in § 790.7 and § 785.14 between being "engaged to wait" and "waiting to be engaged"

in *IBP v. Alvarez*, 546 U.S. at 21. There, employees at meat production facilities who were required to put on protective clothing before starting their principal work activities sought compensation for (1) time spent walking between the changing area and production area and (2) time spent waiting to put on protective gear. *Id.* at 24. Because the donning and doffing of unique protective wear were themselves compensable principal activities that marked the beginning and end of the workday, the Court determined that time spent walking between the changing area and production area occurred *within* "a continuous workday"; that time was thus "excluded from the scope of" the Portal-to-Portal Act and "covered by the FLSA." *Id.* at 37.

The Court concluded, however, that the time the workers spent *waiting* to don protective gear at the beginning of a shift was not compensable because *waiting* to don protective gear is not "integral and indispensable" to the job insofar as the waiting "may or may not be necessary in particular situations or for every employee." *Id.* at 40. The Court made clear that its "analysis would be different" if the employer "*required* its employees to arrive at a particular time in order to begin waiting." *Id.* at 40 n.8 (emphasis added); *see also id.* at 41 (explaining that the employees would be engaged to wait if the employer "required its workers to report to the changing area at a specific time only to find that no protective gear

was available until after some time had elapsed"). In that scenario, § 790.7(h) would apply, and waiting time would be compensable because the employer would have *engaged the workers to wait*. *See id.* at 41; 29 C.F.R. § 790.7(h). Because there was "no such evidence in the record" before the Court, § 790.7(g)—the provision that describes time spent waiting to check in or to get a paycheck as a preliminary activity under normal conditions—was the "[m]ore pertinent" provision in the regulation. *IBP*, 546 U.S. at 41.

Lidl suggests that a subsequent Supreme Court case, *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), abrogates § 790.7(h). We decline to read *Busk* so broadly. There, the Court held that time spent by warehouse workers going through anti-theft screenings at the end of their shifts—and waiting in line to do so—was a non-compensable postliminary activity. *Id.* at 29–30. The Court concluded first that the security screenings were not "principal . . . activities which the employee [wa]s employed to perform" because the employer didn't "employ its workers to undergo security screenings, but to retrieve products from warehouse shelves and package those products for shipment." *Id.* at 35. The Court then considered whether the screenings were "integral and indispensable" to the "principal activities" the workers were employed to perform such that they themselves constituted principal activities. *Id.*; *see also IBP*, 546 U.S. at 37 (holding

that "any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under" the Portal-to-Portal Act). The anti-theft measures were neither integral nor indispensable because the employer "could have eliminated the screenings altogether without impairing the employees' ability to complete their work." *Busk*, 574 U.S. at 35.

Ultimately, *Busk* clarified that the "integral and indispensable test is tied to the productive work that the employee is *employed to perform*"; the Ninth Circuit thus "erred by focusing on whether an employer *required* a particular activity." *Id.* at 36. The Court cautioned that "[a] test that turns on whether the activity is for the benefit of the employer is similarly overbroad." *Id.*; *see also Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 593 (2d Cir. 2007) (security measures at entrance and exit to nuclear power station were non-compensable preliminary and postliminary activities because, though required, they weren't "integral to principal work activities" of station workers).

Lidl suggests that § 790.7(h) doesn't survive *Busk* to the extent the regulation connects the compensability of waiting time to the employer's *requiring* an employee to arrive at a given time. We disagree.

True, § 790.7(h) refers to a worker being "*required* by [an] employer to report at a particular hour." 29 C.F.R. § 790.7(h) (emphasis added); *see also IBP*, 546 U.S.

at 41 (stating that the Court's analysis would be different if the employer "required its workers to report to the changing area at a specific time"). And *Busk* makes clear that an otherwise non-compensable preliminary or postliminary activity doesn't become a compensable principal activity simply because an employer requires it. 574 U.S. at 36.

But *Busk* doesn't address the distinct scenario of a worker engaged to wait. Time isn't compensable under § 790.7(h) simply because the wait time is incidental to a requirement imposed by an employer, such as a post-work security screening. Rather, § 790.7(h) reflects the longstanding principle that an employer may choose to engage employees to be present at a worksite "ready and willing to work" whether there is work to be done at that hour or not. 29 C.F.R. § 790.7(h). *See Armour & Co.*, 323 U.S. at 133 (noting that an employer may choose to hire a worker "to do nothing but wait for something to happen"). "Readiness to serve may be hired, quite as much as service itself." *Id.* *Busk* doesn't upend that principle.

Lidl also suggests that the notion that time is compensable when an individual is "engaged to wait" is limited to traditional on-call employees like firefighters and limousine drivers and does not apply to grocery store workers like Santos. But we see no such limit in the text of § 790.7(h). In fact, the regulation's description of what it means to be "engaged to wait" is broad: An employee who

is required to report at a particular time to a "workbench" or other place where the employee's "principal activity" is conducted, and who arrives at the designated hour ready to work is "engaged to wait" if, for reasons beyond the employee's control, there is no work to do until some time has passed. 29 C.F.R. § 790.7(h). Reinforcing our view is the Supreme Court's understanding that § 790.7(h) could apply to *meat production employees*—a far cry from traditional on-call employees. *See IBP*, 546 U.S. at 41. Accordingly, we do not read § 790.7(h) to exclude workers like Santos.

*C. Santos plausibly alleges a time-shaving claim.*

Under the legal framework set forth in § 790.7(h) and adopted by the Supreme Court in *IBP*, whether Santos was *engaged to wait* such that her wait time was compensable under the FLSA depends on whether Lidl required her to report to the store and be ready to work fifteen minutes before the listed start of her store-opening shift and whether, on the occasions for which she seeks compensation, she was unable to work at that time for reasons beyond her control. She has alleged both facts, and for purposes of assessing Lidl's motion to dismiss, we accept those allegations as true, indulging all inferences in her favor. *See Salazar v. National Basketball Association*, 118 F.4th 533, 544 (2d Cir. 2024). The district court

thus erred in dismissing Santos's FLSA and NYLL time-shaving claims for failure to state a claim.[5]

### II. On this record, we cannot conclude as a matter of law that Santos's claim is *de minimis*.

We decline to affirm the dismissal of Santos's complaint on the alternative basis—not addressed by the district court—that Santos's claim is not cognizable under the FLSA because it is *de minimis*.[6] On the basis of Santos's complaint alone, we cannot conclude that the waiting time Santos alleges is *de minimis* as a matter of law.

In interpreting the FLSA, courts have held that claims for *de minimis* violations are not cognizable. *See, e.g., Reich v. New York City Transit Authority*, 45 F.3d 646 (2d Cir. 1995). In *Reich*, we concluded that when police officers in the canine unit were required to commute with dogs, time they spent actively caring

[5] The dissent tries to avoid this conclusion by suggesting that Santos seeks compensation for waiting time that occurs as a "routine part of [her] preliminary activities" rather than as "an *aberration* from those activities." Dissent at 6. But Santos's complaint alleges that she was forced to wait to begin working for reasons beyond her control only "approximately once per week." App'x 14. The inference is that the *other* days she clocked in and began performing her regular duties at the time she was required to arrive—fifteen minutes before the listed opening shift time. The days when she was forced to wait to begin performing her regular duties *were* an aberration.

[6] Santos suggests that Lidl forfeited this argument before the district court because Lidl raised the argument for the first time in its reply memorandum to the district court. *See* Appellant's Br. 6 n.2. Even if Lidl did forfeit the argument before the district court, we may affirm the district court's dismissal on any basis supported by the record on appeal. *See, Lotes Co., Ltd. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 413 (2d Cir. 2014).

for dogs was *compensable* under the FLSA but need not be *compensated* because it was *de minimis*. *Id.* at 652. In that case, the trial record revealed that the time officers spent caring for the dogs was in the aggregate neither substantial nor frequently recurring and, importantly, it would be administratively difficult to monitor and record time spent in dog-care duties. *Id.* We concluded from our review of the record that "[t]he task of recording the time . . . might well exceed the time expended in performance of [dog-care] duties." *Id.* at 653.

Department of Labor regulations have codified this principle, providing that "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded." 29 C.F.R. § 785.47. The regulations describe the limits of this principle:

> This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.

*Id.*

Our Circuit considers three factors in determining if "time spent in a particular activity is *de minimis*: (1) the administrative difficulty of recording the time; (2) the size of the claim in the aggregate; and (3) whether the tasks occur regularly." *Gorman*, 488 F.3d at 594 n.7. Because the principle that claims for *de minimis* violations are not cognizable is an exception to Congress's direction that employees be paid a minimum wage for their work, and overtime pay under certain circumstances, *see* 29 U.S.C. §§ 206, 207, we remain attentive to the limits of this judicial doctrine, *see* 29 C.F.R. § 785.47.

Here, Santos alleges that Lidl required her and similarly situated employees to arrive at their workplace ready to work at 4:45 a.m. (or fifteen minutes before the listed start times of their respective opening shifts) and that, about once a week, opening managers didn't arrive until 5:00 a.m. (or the listed start times of their opening shifts). We cannot conclude from our precedents that fifteen minutes of uncompensated work time a week is *de minimis*. *Cf. Addison v. Huron Stevedoring Corp.*, 204 F.2d 88, 95 (2d Cir. 1953) (rejecting the district court's conclusion that unpaid compensation amounting to less than $1.00 per week was *de minimis*). Nor can we conclude based on Santos's complaint that the administrative difficulties of recording the waiting time would be too great.

## CONCLUSION

Because Santos plausibly alleges that she was engaged to wait for work, and such waiting time is compensable, we **VACATE** the district court's dismissal of Santos's time-shaving claims under the FLSA and NYLL and **REMAND** to the district court for proceedings consistent with this opinion.